BENJAMIN B. WAGNER
United States Attorney
AMANDA BECK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-101 GEB |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO DISMISS INDICTMENT WITHOUT PREJUDCE AND [PROPOSED] ORDER |
| v. | |
| LOUIS MARSH, | |
| Defendant. | |

The United States, through its attorney of record, Assistant U.S. Attorney Amanda Beck, hereby moves for an order dismissing without prejudice the Indictment against defendant Louis Marsh. The defense has no objection to this motion. It is made pursuant to Federal Rule of Criminal Procedure 48(a).

The government makes this motion in the interests of justice and in light of *United States v. Lara*, No. 14-50120, 2016 WL 828100 (9th Cir. Mar. 3, 2016), a Ninth Circuit ruling issued last week. In *Lara*, a three-judge panel held that the Fourth Amendment did not allow peace officers to rely on a probation search condition when they examined the contents of a defendant's cellular phone. *Id.* at *9.

It is possible that an *en banc* panel or another court will overturn *Lara*. However, for now, *Lara* may impact the United States's use of incriminating evidence upon which the United States had expected to rely in proving this case beyond a reasonable doubt. Given the state of the law, pursuing the matter now would be an inefficient use of judicial and government resources. Therefore, the United

1

States believes that it is in the public interest to dismiss the current indictment without prejudice. *See Rinaldi v. United States,* 434 U.S. 22, 29 n. 15 (1977) (stating that a Court may deny a Rule 48(a) motion if it is "prompted by considerations clearly contrary to the public interest"); *United States v. Weber*, 721 F.2d 266, 268 (9th Cir. 1983).

With this motion, the United States does not suggest that the defendant is actually innocent of the 18 U.S.C. § 922(g)(1) violation charged in the Indictment. Neither does the United States suggest that any government agent or attorney behaved improperly during the investigation or prosecution of the case. In fact, the government may consider refiling this case if the law becomes more hospitable in the future. The defense is aware of this fact and has consented to the arrangement. *See Weber*, 721 F.2d at 268 (finding no allegation of prosecutorial harassment when the defendant consents to dismissal and the government later refiles); *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) ("If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion.").

Accordingly, in the interests of justice and pursuant to Rule 48(a), the United States respectfully moves to dismiss without prejudice the Indictment filed against the defendant in Case No. 2:15-CR-101 GEB. The defense has no objection.

BENJAMIN B. WAGNER
United States Attorney

Dated: March 10, 2016      /s/ Amanda Beck
AMANDA BECK
Assistant United States Attorney

**O R D E R**

For the reasons set forth in the United States's motion to dismiss without prejudice, IT IS ORDERED that the Indictment in Case No. 2:15-CR-101 GEB is hereby DISMISSED without prejudice pursuant to Federal Rule of Criminal Procedure 48(a).

DATED: _____    _____
                                THE HONORABLE GARLAND E. BURRELL, JR.
                                UNITED STATES DISTRICT JUDGE